Filed 4/15/14  P. v. Valdivia CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>OMAR ALEJANDRO VALDIVIA,<br><br>    Defendant and Appellant. | C071353<br><br>(Super. Ct. No. 10F00931) |

A jury convicted defendant Omar Alejandro Valdivia of committing numerous sexual offenses against two minors, including rape, oral copulation, digital penetration, and lewd and lascivious conduct by use of force, violence, duress, menace or threat of great bodily harm.

The trial court sentenced defendant to 10 consecutive terms of 15 years to life in prison.  It imposed various fines and fees, including a $600 fine pursuant to Penal Code section 243.4, and a $270.17 main jail booking fee and $51.34 main jail classification fee

1

pursuant to Government Code section 29550.2. In addition, the trial court ordered that defendant "not have visitation privileges with the victim" pursuant to Penal Code section 1202.05.

On appeal, defendant asserts the trial court erred by (1) refusing to admit evidence that one of the victims had made a prior false accusation of sexual misconduct against another person; (2) imposing an unauthorized $600 fine pursuant to Penal Code section 243.4; (3) imposing the $270.17 main jail booking fee and $51.34 main jail classification fee when there was insufficient evidence that defendant had the ability to pay; and (4) imposing an unauthorized sentence by denying defendant visitation privileges with the "victim" pursuant to Penal Code section 1202.05, because there were two victims, the statute only precludes visitation with a child under the age of 18, and one of the victims was over the age of 18 at the time of sentencing.

We conclude (1) the trial court did not err in finding there was insufficient evidence of a prior false accusation, and it did not abuse its discretion in ruling that admission of the evidence would have involved undue consumption of time; (2) we will modify the judgment to strike the unauthorized $600 fine; (3) defendant forfeited his contentions regarding the main jail booking fee and main jail classification fee because he did not object in the trial court; and (4) we construe the visitation order in the manner authorized, concluding that it refers solely to the victim who was under the age of 18 at the time of sentencing.

We will modify the judgment and affirm the judgment as modified.

BACKGROUND

In 2002, defendant moved in with his girlfriend and her two daughters. The older daughter testified that, when she was age 10, defendant began touching her inappropriately while her mother was at work. In subsequent years (when she was ages 11 through 13), defendant frequently touched her in sexual ways and often orally

2

copulated her. The victim did not tell her mother because defendant threatened to do something bad to her mother and sister if she told anyone.

Defendant tried to rape the older daughter when she was 13. When she was 14, he forcibly raped her, locking her into a bedroom and putting a sock in her mouth. He forced her to have intercourse with him at least five more times.

The older daughter was afraid of defendant. She moved into the home of her boyfriend when she was age 14. After she moved out of her mother's home, defendant began sexual abusing her younger sister, who was age 10 at the time. The younger daughter did not tell anyone because defendant hit her and threatened her, and she had seen defendant hit her mother.

A maternal uncle's query at a family gathering near the end of 2009 ultimately brought the crimes to light. Defendant was arrested a few months later. He said he began living with a cousin after the family called the authorities.

Defendant claimed both victims lied to further a scheme concocted by their maternal grandmother. He said the older daughter had made a false accusation of inappropriate sexual conduct against his cousin's husband, Jesus Solis, during a family party. Before trial, however, the prosecutor moved to exclude evidence of the alleged false accusation, among other things. At a hearing conducted pursuant to Evidence Code section 402, several witnesses testified. After hearing the testimony and the argument of counsel, the trial court concluded that the evidence was weak, that there was insufficient evidence of a false accusation, and that allowing evidence on the issue would result in a "sub-trial" on the matter. The trial court excluded the evidence pursuant to Evidence Code section 352, ruling that the probative value of the evidence was not outweighed by undue prejudice or undue consumption of time, and the evidence would confuse the issues and mislead the jury.

The jury found defendant guilty of the following offenses: lewd and lascivious act by force, violence, duress, menace or threat of great bodily harm against the older

3

daughter when she was between the ages of nine and 10 (Pen. Code, § 288, subd. (b)(1) -- count one); lewd and lascivious act by force, violence, duress, menace or threat of great bodily harm against the older daughter when she was age 11 (Pen. Code, § 288, subd. (b)(1) -- count two); oral copulation against the older daughter when she was age 12 (Pen. Code, §§ 269, subd. (a)(4), 288a, subd. (c)(2) -- count three); oral copulation against the older daughter when she was age 13 (Pen. Code, §§ 269, subd. (a)(4), 288a, subd. (c)(2) -- count four); rape against the older daughter when she was age 13 (Pen. Code, §§ 261, subd. (a)(2), 269, subd. (a)(1) -- count five); rape against the older daughter when she was age 14, using force, violence, duress, menace, or fear of immediate unlawful bodily injury (Pen. Code, § 261, subd. (a)(2) -- count six); rape against the older daughter when she was age 14, on a different date than count six, using force, violence, duress, menace, or fear of immediate unlawful bodily injury (Pen. Code, § 261, subd. (a)(2) -- count seven); lewd and lascivious act against the younger daughter [his hand on her breast] (Pen. Code, § 288, subd. (b)(1) -- count eight); lewd and lascivious act against the younger daughter [his mouth on her breast] (Pen. Code, § 288, subd. (b)(1) -- count nine); and digital penetration of the vagina of the younger daughter (Pen. Code, §§ 269, subd. (a)(5) -- count ten).  The jury also found true a special allegation that the offenses involved more than one victim.

The trial court sentenced defendant to 10 consecutive terms of 15 years to life in prison.  It imposed various fines and fees, including a $600 fine pursuant to Penal Code section 243.4, and a $270.17 main jail booking fee and a $51.34 main jail classification fee pursuant to Government Code section 29550.2.  In addition, the trial court ordered that defendant "not have visitation privileges with the victim" pursuant to Penal Code section 1202.05.

4

DISCUSSION

I

Defendant contends the trial court erred in refusing to admit evidence that the older daughter had made a prior false accusation of sexual misconduct against Jesus Solis. Defendant claims there was a "strong similarity" in the accusations because, in both instances, the older daughter "presented herself as the subject of unwanted sexual attention and touching by an adult male."

Evidence about the character of a witness is generally admissible for impeachment of a witness's credibility, subject to the discretion of a trial court to exclude evidence that is more prejudicial than probative. (*People v. Wall* (1979) 95 Cal.App.3d 978, 987.) When the witness is testifying against a defendant in a criminal trial for forcible rape, collateral evidence of her nonsexual conduct may be admissible to disprove the truthfulness of her testimony. (*Id*. at p. 989; but see *People v. Jones* (1984) 155 Cal.App.3d 153, 183 [criticizing *Wall* and emphasizing that, under Evidence Code section 786, only specific instances of untruthfulness are admissible against a rape victim].)

A prior false accusation of sexual molestation is admissible to challenge a victim's credibility, but only if it is first established that the prior accusation was false. (*People v. Tidwell* (2008) 163 Cal.App.4th 1447, 1457.) When earlier complaints " 'never reached the point of formal charges' " and there is no conclusive evidence of falsity, a trial court may properly exclude the evidence under Evidence Code section 352. (*People v. Tidwell, supra,* 163 Cal.App.4th at p. 1458.) Admitting or excluding evidence under Evidence Code section 352 is a matter of discretion and we must uphold the exercise of that discretion unless the trial court acted in an "arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Rodriguez* (1999) 20 Cal.4th 1, 9-10.)

5

Here, in response to a motion in limine, the trial court held a hearing under Evidence Code section 402 to determine whether to admit evidence about the accusation against Solis. During the course of several days, the trial court heard testimony from several witnesses and repeatedly remarked that defendant's offer of proof was still missing the key element of a demonstrably false statement.

Solis said he approached the older daughter at a party when she had her head down and appeared to be upset. He did not remember whether he touched her, but said she looked surprised and pulled away; he acknowledged that she had never given him an indication she wanted to talk to him or be touched by him.

Solis's wife (defendant's cousin) said she saw from a distance that the older daughter pulled away from her husband's touch but denied that she earlier told investigators her husband had his arm around the older daughter's shoulder when the older daughter pulled away. Solis's wife insisted the older daughter was a liar and claimed Solis never once left her sight during the entire seven hours of the party, but she also said she considered divorcing Solis over it before eventually deciding that the accusation was "all a lie."

Solis's sister-in-law testified that the older daughter called her the morning after the party to say Solis tried to kiss her. The sister-in-law was not at the party, but she concluded the older daughter had lied about Solis trying to kiss her because the sister-in-law's mother told her the older daughter was not telling the truth. The sister-in-law's mother had not been at the party either.

The trial court observed that Solis and his wife both testified that the older daughter pulled away from Solis's touch at the party, demonstrating by her body language that she did not welcome contact with him. The trial court noted that it was possible to conclude from the offer of proof that the victim pulled away because she believed Solis tried to kiss her even if that had not been his intent and, in any event, there was little similarity between that and her accusation years later that defendant forcibly

6

raped her. Solis and his wife could not describe the accusation with specificity, and law enforcement was never involved with the Solis incident, so there were no sworn statements. The trial court concluded there was insufficient evidence to prove a false complaint. Without proof of a false complaint, the testimony about Solis was not relevant to the issue of the older daughter's credibility. The trial court also said that allowing evidence on the issue would result in a "sub-trial" on the matter. The trial court excluded the evidence pursuant to Evidence Code section 352, ruling that the probative value of the evidence was not outweighed by undue prejudice or undue consumption of time, and the evidence would confuse the issues and mislead the jury.

The trial court considered the correct factors, and the trial court's conclusions were based on the evidence presented. Moreover, when defense counsel insisted after the ruling that falsity could be established if one more witness could be heard, the trial court agreed to hear from the older daughter's mother. The mother said defendant told her Solis tried to hug and kiss the older daughter at the party; in addition, the older daughter told her mother she did not like the way Solis touched her. When the mother confronted Solis about it, the mother said Solis apologized and explained that he had been drinking. The mother knew that defendant's family did not believe the older daughter's accusation, but the older daughter never changed her story. The trial court found no reason to change its decision to exclude the evidence.

The trial court did not err in concluding there was insufficient evidence that the accusation was false. And it did not abuse its discretion in ruling that admission of the evidence would have required a sub-trial on the issue of falsity that would have involved an undue consumption of time.

The cases cited by defendant are inapposite. (See, e.g., *People v. Adams* (1988) 198 Cal.App.3d 10 [categorically excluding all evidence of rape victim's conduct, including evidence that she had falsely accused other men of rape was error]; *People v. Burrell-Hart* (1987) 192 Cal.App.3d 593 [finding harmless error when evidence of a

7

recent and very similar false accusation of rape was excluded and two witnesses of the earlier incident were already testifying]; *Franklin v. Henry* (9th Cir. 1997) 122 F.3d 1270 [discussing constitutional errors in habeas corpus context].)

Defendant's contention lacks merit.

## II

Defendant next contends the trial court erred in imposing the $600 fine pursuant to Penal Code section 243.4. Although defendant admits that he did not object to imposition of the fine in the trial court, he argues the issue is not forfeited because the fine was unauthorized.

Penal Code section 243.4 authorizes a fine up to $10,000 for a felon who commits sexual battery against a minor. (Pen. Code, § 243.4, subd. (j).) Defendant is correct that he was not convicted of sexual battery and that the fine could not be imposed pursuant to Penal Code section 243.4.

The Attorney General counters that a fine is only unauthorized if it could not be lawfully imposed under any circumstance in the particular case. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) The Attorney General asserts that in this case, it would have been lawful for the trial court to impose a $600 fine pursuant to Penal Code section 288, subdivision (e). A fine up to $10,000 is authorized for convictions under section 288, subdivision (b). (Pen. Code, § 288, subd. (e).)[1]

We have previously concluded that a fine is not "unauthorized" if it is within the range of discretion set forth in the particular statute under which the fine was imposed.

---

[1] The trial court did not impose a fine pursuant to Penal Code section 288. Rather, the trial court said it was imposing the fines and fees recommended by the probation report, which included the $600 fine pursuant to Penal Code section 243.4. The People have forfeited any affirmative contention that the fine should have been imposed pursuant to Penal Code section 288, because they did not object and did not assert the matter in the trial court. (*People v. Tillman* (2000) 22 Cal.4th 300, 303.)

8

But the Attorney General urges us to go a step further and hold that a fine is not unauthorized if it could have been imposed under any other statute involved in the case. The Attorney General does not cite authority for this proposition, however, and we decline to adopt such a rule here.

We will modify the judgment to strike the $600 fine imposed pursuant to Penal Code section 243.4.

III

Defendant further contends the trial court erred in imposing the $270.17 main jail booking fee and $51.34 main jail classification fee pursuant to Government Code section 29550.2 when there was insufficient evidence that defendant had the ability to pay those fees. But as defendant conceded in his reply brief, his contention is forfeited because he did not object in the trial court. (*People v. McCullough* (2013) 56 Cal.4th 589, 599.)

IV

In addition, defendant claims the trial court imposed an unauthorized sentence by denying defendant visitation privileges with the "victim" pursuant to Penal Code section 1202.05. He points out there were two victims, the statute only precludes visitation with a child under the age of 18, and the older daughter was over the age of 18 at the time of sentencing.

The probation report recommended, among other things, that defendant "not have visitation privileges with the victim pursuant to Section 1202.05 of the Penal Code." At sentencing, the trial court accepted that recommendation and imposed that order.

Penal Code section 1202.05 provides in pertinent part that whenever a person is sentenced to state prison for a violation of Penal Code section 288, and the victim is a child under the age of 18, the court shall prohibit all visitation between the defendant and the child victim. The prohibition applies only to "victims who are under the age of 18 at the time of the contemplated visitation." (*People v. Scott* (2012) 203 Cal.App.4th 1303,

9

1323.)  "Once a victim has reached that age the act has no effect on her or his ability to visit the defendant in prison."  (*Ibid.*)

Defendant claims the order is unauthorized because it can be construed as applying to the older daughter, who was over the age of 18 at the time of sentencing.  We disagree.  The order was not unauthorized; one of the victims was in fact under the age of 18 at the time of sentencing.  We construe the order in the manner authorized, concluding that it refers solely to the younger daughter.

## DISPOSITION

The judgment is modified to strike the $600 fine imposed pursuant to Penal Code section 243.4.  The judgment is affirmed as modified.  The trial court is directed to prepare an amended abstract of judgment reflecting the judgment as modified, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

                    MAURO         , J.

We concur:

      HULL      , Acting P. J.

      ROBIE      , J.